| Fill in this information to identify the case |
| --- |

United States Bankruptcy Court for the:

District of **Delaware**
_(State)_

Case number (_If known_): _____   Chapter __11__

☐ Check if this is an
amended filing

**Official Form 201**

# Voluntary Petition for Non-Individuals Filing for Bankruptcy    04/19

**If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, _Instructions for Bankruptcy Forms for Non-Individuals,_ is available.**

| 1. | **Debtor's name** | RentPath Holdings, Inc. |
| --- | --- | --- |

| 2. | **All other names debtor used in the last 8 years** <br><br> Include any assumed names, trade names, and _doing business as_ names | Pittsburgh Holdings, Inc. <br> Pittsburgh Holdings, LLC |
| --- | --- | --- |

| 3. | **Debtor's federal Employer Identification Number** (EIN) | 45-2461735 |
| --- | --- | --- |

**4. Debtor's address**

| Principal place of business | | | Mailing address, if different from principal place of business | | |
| --- | --- | --- | --- | --- | --- |
| 950 <br> Number | East Paces Ferry Road NE <br> Street | | ___ <br> Number | ___ <br> Street | |
| Suite 2600 | | | P.O. Box | | |
| Atlanta <br> City | Georgia <br> State | 30326 <br> ZIP Code | ___ <br> City | ___ <br> State | ___ <br> ZIP Code |
| Fulton <br> County | | | **Location of principal assets, if different from principal place of business** | | |
| | | | ___ <br> Number | ___ <br> Street | |
| | | | ___ <br> City | ___ <br> State | ___ <br> ZIP Code |

| 5. | **Debtor's website** (URL) | Rentpath.com |
| --- | --- | --- |

**6. Type of debtor**

☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))
☐ Partnership (excluding LLP)
☐ Other. Specify: _____

| Debtor | RentPath Holdings, Inc. | Case number (if known) | |
|---|---|---|---|
| | Name | | |

**7.  Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
☐ Railroad (as defined in 11 U.S.C. § 101(44))
☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
☒ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)
☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)
☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See
http://www.uscourts.gov/four-digit-national-association-naics-codes.
5313 (Activities Related to Real Estate)

**8.  Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

☐ Chapter 7
☐ Chapter 9
☒ Chapter 11. *Check all that apply*:

    ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625 (amount subject to adjustment on 4/01/22 and every 3 years after that).

    ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement  of operations, cash-flow statement, and federal income tax return or if all of these  documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

    ☐ A plan is being filed with this petition.

    ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

    ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the  Securities and Exchange Commission according to § 13 or 15(d) of the Securities  Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing  for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

    ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule  12b-2.

☐ Chapter 12

**9.  Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No
☐ Yes    District _____    When _____    Case number _____
                                                                    MM/ DD/ YYYY
           District _____    When _____    Case number _____
                                                                     MM / DD/ YYYY

**10.  Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No
☒ Yes    Debtor    See Schedule 1    Relationship    See Exhibit A
           District    District of Delaware    When    See Schedule 1
           Case number, if known _____    MM / DD/ YYYY

| Debtor | RentPath Holdings, Inc. | Case number (if known) |
|---|---|---|
| | Name | |

---

**11. Why is the case filed in this district?**

*Check all that apply:*

☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

---

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?**

_____
Number            Street

_____
City            State            ZIP Code

**Is the property insured?**

☐ No

☐ Yes. Insurance agency _____

Contact Name _____

Phone _____

---

## Statistical and administrative information

**13. Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

---

**14. Estimated number of creditors**

(on a consolidated basis with all affiliated debtors)

| | | |
|---|---|---|
| ☐ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☒ 5,001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than 100,000 |
| ☐ 200-999 | | |

---

**15. Estimated assets**

(on a consolidated basis with all affiliated debtors)

| | | |
|---|---|---|
| ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☒ $100,000,001-$500 million | ☐ More than $50 billion |

---

**16. Estimated liabilities**

(on a consolidated basis with all affiliated debtors)

| | | |
|---|---|---|
| ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☒ $500,000,001-$1 billion |
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

---

| Debtor | RentPath Holdings, Inc. | | Case number (if known) | |
|---|---|---|---|---|
| | Name | | | |

| | Request for Relief, Declaration, and Signatures |
|---|---|

**WARNING** – Bankruptcy fraud is a serious crime.  Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17.  Declaration and signature of authorized representative of debtor**

- The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

- I have been authorized to file this petition on behalf of the debtor.

- I have examined the information in this petition and have a reasonable belief that the information is true and  correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    02/12/2020
                       MM / DD  / YYYY

✗    /s/ Richard Martin                                              Richard Martin
Signature of authorized representative of debtor              Printed name

Chief Financial Officer
Title

**18. Signature of attorney**

✗    /s/ Daniel J. DeFranceschi                    Date    02/12/2020
Signature of attorney for debtor                                   MM / DD / YYYY

Daniel J. DeFranceschi                              Ray C. Schrock, P.C.
Printed Name

Richards, Layton & Finger, P.A.                     Weil, Gotshal & Manges LLP
Firm Name

One Rodney Square, 920 North King Street     767 Fifth Avenue
Address

Wilmington, Delaware 19801                          New York, New York  10153
City/State/Zip

(302) 651-7700                                              (212) 310-8000
Contact Phone

defranceschi@rlf.com                                     ray.schrock@weil.com
Email Address

2732                        Delaware
Bar Number          State

## Schedule 1

### Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

On the date hereof, each of the affiliated entities listed below (including the debtor in this chapter 11 case, collectively, the "**Debtors**") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the District of Delaware.  The Debtors have filed a motion requesting that the chapter 11 cases of these entities be consolidated for procedural purposes only and jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure.

| COMPANY |
| --- |
| RentPath Holdings, Inc. |
| RentPath, LLC |
| Consumer Source Holdings LLC |
| Discover Home Network, LLC |
| Easy Media, LLC |
| Electronic Lead Management, Inc. |
| Electronic Lead Management MA, Inc. |
| Electronic Lead Management VA, Inc. |
| Live Response Solutions Holdings, LLC |
| Live Response Solutions, LLC |
| Viva Group, LLC |
| Viva Group Brokerage, Inc. |

**ACTION BY**
**WRITTEN CONSENT OF**
**THE BOARD OF DIRECTORS OF**
**RENTPATH HOLDINGS, INC.**

February 11, 2020

All of the members of the board of directors (the "**Board**") of RentPath Holdings, Inc., a Delaware corporation ("**RentPath**"), do hereby consent to, adopt, and approve, by written consent in accordance with applicable law, the following resolutions and each and every action effected thereby:

**WHEREAS**, based upon the recommendation of the Special Committee of the Board, the Board believes that taking the actions set forth below is in the best interests of RentPath and certain of its subsidiaries (each, a "**Relevant Subsidiary**" and collectively, the "**Relevant Subsidiaries**") and, therefore adopts, authorizes and approves the following resolutions:

I.    <u>**Commencement of Chapter 11 Cases**</u>

**RESOLVED**, that the Board has determined that it is desirable and in the best interests of RentPath, the Relevant Subsidiaries, their creditors, and other parties in interest that a petition be filed by each of RentPath and the Relevant Subsidiaries seeking relief under the provisions of chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"); and be it further

**RESOLVED**, that it is desirable and in the best interests of RentPath, its Relevant Subsidiaries, their creditors, and other parties in interest that RentPath, the Relevant Subsidiaries and their advisors prepare, finalize and file, as appropriate, a prearranged chapter 11 plan of reorganization (the "**Plan**") and related disclosure statement (the "**Disclosure Statement**") consistent with the terms of that certain Restructuring Support Agreement entered into by RentPath and the Relevant Subsidiaries on February 11, 2020;

**RESOLVED**, that any manager, member, officer, or director of RentPath or any Relevant Subsidiary (each, an "**Authorized Person**"), in each case, acting singly or jointly, be, and each hereby is, authorized, empowered, and directed to execute and file in the name and on behalf of RentPath or such Relevant Subsidiary, and under such entity's corporate seal or otherwise, all plans, petitions, schedules, statements, motions, lists, applications, pleadings, orders, and other documents in the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**"), and, in connection therewith, to employ and retain all assistance by legal counsel, accountants, financial advisors, investment bankers and other professionals, and to take and perform any and all further acts and deeds which such Authorized Person, who may act without the joinder of any other Authorized Person, deems necessary, proper, or desirable in connection with the chapter 11 case or RentPath or any Relevant Subsidiary (each, a "**Chapter 11 Case**"), the Plan, and the Disclosure Statement, including, without limitation, negotiating, executing, delivering, filing, and performing any and all documents, agreements, certificates, and/or instruments in connection with the transactions and professional retentions set forth in this resolution, with a view to the successful prosecution of such Chapter 11 Case; and be it further

1

## II.    Asset Purchase Agreement

RESOLVED, that in connection with the Chapter 11 Cases, it is in the best interest of RentPath and the Relevant Subsidiaries that RentPath and each Relevant Subsidiary will enter into an Asset Purchase Agreement (the "**APA**") with CSGP Holdings, LLC, a Delaware limited liability company, and CoStar Group, Inc., a Delaware corporation (solely for purposes of Section 5.13), substantially in the form attached hereto as Exhibit I, pursuant to which Buyer will purchase substantially all of the assets, and assume certain liabilities, of RentPath and the Relevant Subsidiaries, with such changes thereto as the Authorized Person executing the same shall approve, together with the Related Agreements (as defined in the APA) and any other agreements, consents, certificates, amendments, assignments, and instruments in connection therewith (together with the APA, the "**Purchase Documents**"), in each case subject to approval by the Bankruptcy Court; and be it further

RESOLVED, that the form, terms and provisions of each of the Purchase Documents, the performance of RentPath and each Relevant Subsidiary of its obligations thereunder and the consummation of the transactions contemplated thereby, in accordance with the terms thereof, are hereby, in all respects confirmed, ratified and approved; and be it further

RESOLVED, that any Authorized Person is hereby authorized, empowered, and directed, in the name and on behalf of RentPath or any Relevant Subsidiary, to cause RentPath or such Relevant Subsidiary to negotiate and approve the terms, provisions of and performance of, and to prepare, execute and deliver the Purchase Documents, and to consummate the transactions contemplated thereby, in the name and on behalf of RentPath or such Relevant Subsidiary under its corporate seal or otherwise, and such other documents, agreements, instruments and certificates as such Authorized Person executing the same considers necessary, appropriate, proper, or desirable to effectuate the transactions contemplated by the Purchase Documents; and be it further

RESOLVED, that any Authorized Person is hereby authorized, empowered, and directed, in the name and on behalf of RentPath or any Relevant Subsidiary, to take all such further actions including, without limitation, to pay all fees and expenses, in accordance with the terms of the Purchase Documents, which shall, in such Authorized Person's sole judgment, be necessary, proper or advisable to perform RentPath's or such Relevant Subsidiary's obligations under or in connection with the Purchase Documents and the transactions contemplated therein and to carry out fully the intent of the foregoing resolutions; and be it further

RESOLVED, that any Authorized Person is hereby authorized, empowered, and directed, in the name and on behalf of RentPath or any Relevant Subsidiary, to execute and deliver any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions and extensions of the Purchase Documents which shall, in such Authorized Person's sole judgment, be necessary, proper or advisable; and be it further

## III.    Retention of Advisors

RESOLVED, that the law firm of Weil, Gotshal & Manges LLP, located at 767 Fifth Avenue, New York, New York 10153, is hereby retained as attorneys for RentPath and the Relevant Subsidiaries in each Chapter 11 Case, subject to Bankruptcy Court approval; and be it further

2

**RESOLVED**, that the law firm of Richards, Layton & Finger, P.A., located at One Rodney Square, 920 North King Street, Wilmington, DE 19801, is hereby retained as attorneys for RentPath and the Relevant Subsidiaries in each Chapter 11 Case, subject to Bankruptcy Court approval; and be it further

**RESOLVED**, that the law firm of Ropes & Gray LLP, located at 2099 Pennsylvania Avenue, N.W., Washington, DC 20006-6807, is hereby retained as antitrust attorneys for RentPath and the Relevant Subsidiaries in each Chapter 11 Case, subject to Bankruptcy Court approval; and be it further

**RESOLVED**, that Berkeley Research Group, located at 99 High Street, 27th Floor, Boston, MA 02110, is hereby retained as financial advisor for RentPath and the Relevant Subsidiaries in each Chapter 11 Case, subject to Bankruptcy Court approval; and be it further

**RESOLVED**, that Moelis & Company, located at 399 Park Avenue, 5th Floor, New York, NY 10022, is hereby retained as investment banker for RentPath and the Relevant Subsidiaries in each Chapter 11 Case, subject to Bankruptcy Court approval; and be it further

**RESOLVED**, that Prime Clerk LLC, located at 830 3rd Avenue, New York, NY 10022, is hereby retained as claims, noticing and solicitation agent for RentPath and the Relevant Subsidiaries in each Chapter 11 Case, subject to Bankruptcy Court approval; and be it further

## IV.     **Debtor-in-Possession Financing**

**RESOLVED**, that the Board does hereby adopt, authorize and approve the resolutions attached hereto as <u>Exhibit II</u> with respect to the DIP Borrower (as defined in <u>Exhibit II</u> hereto), and the resolutions attached hereto as <u>Exhibit III</u> with respect to each DIP Guarantor (as defined in <u>Exhibit II</u> hereto); and be it further

**RESOLVED**, that all capitalized terms used in the resolutions attached hereto as <u>Exhibit II</u> and <u>Exhibit III</u> and not otherwise defined herein shall have the meanings ascribed to such terms in the DIP Credit Agreements (as defined in <u>Exhibit II</u> hereto), as applicable; and be it further

## V.     **General Authorization and Ratification**

**RESOLVED**, that any Authorized Person, who may act without the joinder of any other Authorized Person, is hereby authorized, empowered, and directed, in the name and on behalf of RentPath or any Relevant Subsidiary, to cause RentPath or such Relevant Subsidiary to enter into, execute, deliver, certify, file and/or record, and perform, such agreements, instruments, motions, affidavits, applications for approvals or rulings of governmental or regulatory authorities, certificates, or other documents, and to take such other actions that in the judgment of any Authorized Person, who may act without the joinder of any other Authorized Person, shall be or become necessary, proper, or desirable in connection with the Chapter 11 Cases; and be it further

**RESOLVED**, that any and all past actions heretofore taken by any Authorized

Person in the name and on behalf of RentPath or any Relevant Subsidiary in furtherance of any or all of the preceding resolutions be, and the same hereby are, ratified, confirmed, and approved in all respects as the acts and deeds of RentPath or such Relevant Subsidiary; and be it further

**RESOLVED**, that the Secretary of RentPath is authorized to place a copy of this consent in the official records of RentPath to document the actions set forth herein as actions taken by the Board.

**IN WITNESS WHEREOF**, the undersigned, being all of the members of the board of directors of RENTPATH HOLDINGS, INC., have executed this written consent as of the date set forth above.

Name: Marc Beilinson

**IN WITNESS WHEREOF**, the undersigned, being all of the members of the board of directors of RENTPATH HOLDINGS, INC., have executed this written consent as of the date set forth above.

Name: Michael Dominguez

**IN WITNESS WHEREOF**, the undersigned, being all of the members of the board of directors of RENTPATH HOLDINGS, INC., have executed this written consent as of the date set forth above.

_____
Name: Dhiren Fonseca

**IN WITNESS WHEREOF**, the undersigned, being all of the members of the board of directors of RENTPATH HOLDINGS, INC., have executed this written consent as of the date set forth above.

Name: Marc Lefar

**IN WITNESS WHEREOF**, the undersigned, being all of the members of the board of directors of RENTPATH HOLDINGS, INC., have executed this written consent as of the date set forth above.

Name: Scott Marimow

**IN WITNESS WHEREOF**, the undersigned, being all of the members of the board of directors of RENTPATH HOLDINGS, INC., have executed this written consent as of the date set forth above.

_____
Name: David Simpson

## **EXHIBIT I**

## **ASSET PURCHASE AGREEMENT**

[Intentionally omitted]

**EXHIBIT II**

**DIP BORROWER RESOLUTIONS**

**WHEREAS**, RentPath, LLC, a Delaware limited liability company (the "**DIP Borrower**") desires to enter into, deliver and perform its obligations under that certain Debtor-In-Possession Credit Agreement, dated on or around February 14, 2020 (as may be amended, restated, amended and restated, supplemented and/or otherwise modified from time to time, the "**DIP Credit Agreement**"), by and among the DIP Borrower, as borrower, Consumer Source Holdings LLC, a Delaware limited liability company ("**Consumer**"), Discover Home Network, LLC, a Delaware limited liability company ("**Discover LLC**"), Easy Media, LLC ("**Easy Media**"), Electronic Lead Management, Inc., a Georgia corporation ("**Electronic Lead**"), Electronic Lead Management MA, Inc., a Massachusetts corporation ("**Electronic Lead MA**"), Electronic Lead Management VA, Inc., a Delaware corporation ("**Electronic Lead VA**"), Live Response Solutions Holdings, LLC, a Delaware limited liability company ("**Live Response Holdings**"), Live Response Solutions, LLC, a Delaware limited liability company ("**Live Response**"), Viva Group, LLC, a Delaware limited liability company ("**Viva**"), Viva Group Brokerage, Inc., a Delaware corporation ("**Viva Brokerage**" and together with Consumer, Discover LLC, Easy Media, Electronic Lead, Electronic Lead MA, Electronic Lead VA, Live Response Holdings, Live Response and Viva, the "**DIP Guarantors**," and together with the DIP Borrower, each individually, a "**Company**" and collectively, the "**Companies**"), as guarantors, the lenders from time to time party thereto (the "**DIP Lenders**"), and Royal Bank of Canada, as administrative agent for the DIP Lenders (the "**DIP Agent**"), pursuant to which $74,100,000 will be made available to the DIP Borrower on the terms and conditions set forth in the DIP Credit Agreement;

**WHEREAS**, severally pursuant to (i) the entry by the applicable bankruptcy court of the Interim Order (and subsequently confirmed by the Final Order) and (ii) that certain Pledge and Security Agreement, dated on or around February 14, 2020 (as may be amended, restated, amended and restated, supplemented and/or otherwise modified from time to time, the "**DIP Security Agreement**"), by and among, the Companies and the DIP Agent, the DIP Borrower and the DIP Guarantors shall grant the DIP Agent for the benefit of the DIP Lenders a legal, valid, continuing and enforceable security interest in the Collateral (with the priority fully described therein and in the DIP Credit Agreement), (such grant the "**Security Grant**").

**NOW**, **THEREFORE**, be it:

DIP Credit Agreement

**RESOLVED**, that the DIP Borrower is hereby authorized to execute and deliver, and to borrow and obtain letters of credit, as applicable, under, the DIP Credit Agreement, the DIP Security Agreement, and the Additional DIP Documents (as defined below) to which the DIP Borrower is a party or signatory and the performance of its obligations thereunder and transactions contemplated thereby thereunder and under the Interim Order and the Final Order, including, without limitation, the incurrence of debt, the granting of security interests (including without limitation, the Security Grant), the granting of pledges, and the making of guarantees thereunder and such other actions, and omissions to take

1

actions, as are necessary, appropriate or desirable in connection with the foregoing, and that any officer (including, without limitation, any chief executive officer, chief financial officer, treasurer, assistant treasurer, president, vice president secretary and assistant secretary) of the DIP Borrower (each, an "**Authorized Person**"), be, and each of them hereby is individually, authorized, empowered and directed, in the name and on behalf of the DIP Borrower, to execute and deliver the DIP Credit Agreement, the DIP Security Agreement, and the Additional DIP Documents to which the DIP Borrower is a party or signatory and the performance of its obligations thereunder and under the Interim Order and the Final Order, including, without limitation, the incurrence of debt, the granting of security interests (including, without limitation, the Security Grant) and the making of guarantees thereunder and such other actions, and omissions to take actions, as are necessary, appropriate or desirable in connection with the foregoing, with such modifications thereto as such Authorized Person executing the same shall approve, his or her execution thereof being deemed conclusive evidence of such approval; and be it further

**RESOLVED**, that any Authorized Person of the DIP Borrower be, and each of them hereby is individually, authorized, empowered and directed, in the name and on behalf of the DIP Borrower, to execute and deliver, attest to such execution and delivery of, in the name of and on behalf of the DIP Borrower, all such other agreements, all such other agreements (including, without limitation, any security agreements, guaranty agreements, mortgages, and control agreements), certificates, instruments and other writings (the "**Additional DIP Documents**"), and to take all such other actions, as such Authorized Person may deem necessary or appropriate in connection with the transactions contemplated by these resolutions; and be it further

**RESOLVED**, the DIP Borrower will obtain benefits from the DIP Credit Agreement and the DIP Security Agreement and it is in the best interest of the DIP Borrower to enter into the DIP Credit Agreement and the DIP Security Agreement and be bound by the Interim Order and the Final Order; and be it further

**RESOLVED**, that the DIP Borrower hereby authorizes, adopts and approves, in all respects the form, terms and provisions of the DIP Credit Agreement, the DIP Security Agreement, the Interim Order, the Final Order and any other Additional DIP Documents; and be it further

DIP Borrower
Documents

**RESOLVED**, that the DIP Borrower is authorized to update the DIP Credit Agreement, the DIP Security Agreement, and any Additional DIP Documents and the transactions contemplated thereby and is authorized to enter into any Additional DIP Documents to which the

DIP Borrower is or is contemplated to be a party and any other agreements, documents, certificates or filings that any Authorized Person of the DIP Borrower determines are necessary, appropriate or desirable in connection with the DIP Credit Agreement, the DIP Security Agreement, the Interim Order, the Final Order and any other Additional DIP Documents to which the DIP Borrower is or is contemplated to be a party, as security for the Obligations (as defined in the DIP Credit Agreement) or any portion of them and as otherwise provided in the DIP Credit Agreement, the DIP Security Agreement, or the Additional DIP Documents; and be it further

**RESOLVED**, that any Authorized Person of the DIP Borrower be, and each of them hereby is individually, authorized, empowered and directed, in the name and on behalf of the DIP Borrower, to execute and deliver such additional assignments, stock powers, powers of attorney, notices, lien perfection documents, consents to assignment, subordination agreements, interest rate protection and other hedging agreements, letters of credit and master letter of credit agreements, cash management agreements, assignments, collateral assignments, fee letters and other customary loan documents, third party collateral access agreements, bailee letters, deposit account control agreements, securities account control agreements, insurance certificates, UCC financing statements, mortgages, deeds of trust, warehouse notifications, collateral assignments, and other customary secured loan documents and other agreements, certificates, instruments and other writings as the DIP Agent may request or as may be necessary or appropriate in the sole judgment of such Authorized Person to create, preserve and perfect the security interests and other liens required or contemplated pursuant to, or otherwise to give effect to any of the transactions contemplated by, any of the Additional DIP Documents; and be it further

**RESOLVED**, that any Authorized Person of the DIP Borrower be, and each of them hereby is individually, authorized, empowered and directed, in the name and on behalf of the DIP Borrower, to execute and deliver all such other agreements, certificates, instruments and other writings, and to take all such other actions, as any such Authorized Person may deem necessary or appropriate in connection with the transactions contemplated by these resolutions (and the DIP Credit Agreement, the DIP Security Agreement, the Interim Order and the Final Order); and be it further

Ratification      **RESOLVED**, that all actions, proceedings, elections, appointments, approvals, assignments, grants, transfers, agreements, acts, declarations, instruments, documents, executions and transactions, whether done, taken, executed or acted upon, or purported to be done,

3

taken, executed or acted upon prior to the date hereof, by or on behalf of the DIP Borrower in connection with the DIP Credit Agreement, the DIP Security Agreement, or any of the Additional DIP Documents, be, and the same hereby are, approved, adopted, ratified and confirmed in all respects; and be it further

General Authority

**RESOLVED**, that any Authorized Person of the DIP Borrower be, and each of them hereby is individually, authorized, empowered and directed, in the name and on behalf of the DIP Borrower, to take such additional actions, to perform all acts and deeds, and to execute, ratify, certify, deliver, file and record such additional agreements, certificates, instruments and other writings as any of them may deem necessary or appropriate to implement the provisions of the foregoing resolutions (including, without limitation, amendments, restatements, replacements or other modifications of any of the foregoing documents) or otherwise in connection with the DIP Credit Agreement, the DIP Security Agreement or any of the Additional DIP Documents, to appoint such agents on behalf of the DIP Borrower as any such Authorized Person may deem necessary or appropriate in connection with the foregoing resolutions or to comply with the requirements of the agreements, certificates, instruments and other writings approved by the foregoing resolutions, the authority for the taking or performing of such actions, acts or deeds and the execution, ratification, certification, delivery, filing or recording of such agreements, certificates, instruments or other writings to be conclusively evidenced thereby; and be it further

**RESOLVED**, that, to the extent the DIP Borrower serves as the sole member, managing member or other governing body (collectively, a "**Controlling Company**"), in each case, of any other company (a "**Controlled Company**"), each Authorized Person, any one of whom may act without the joinder of any of the others, be, and each of them hereby is, severally authorized, empowered and directed in the name and on behalf of such Controlling Company (acting for such Controlled Company in the capacity set forth above, as applicable), to take all of the actions on behalf of such Controlled Company that an Authorized Person is herein duly authorized to take on behalf of such Controlling Company; and be it further

**RESOLVED**, that the authority conferred upon each Authorized Person by these resolutions is in addition to, and shall in no way limit, such other authority as such Authorized Person may have with respect to the subject matter of the foregoing resolutions, and that the omission from this resolution of any agreement or other arrangement contemplated by any of the agreements, instruments or documents described in the foregoing resolutions or any action to be taken in accordance with any requirement of any of the agreements, instruments

4

or documents described in the foregoing resolutions shall in no manner derogate from the authority of such Authorized Person to take all actions necessary, advisable or appropriate to consummate, effectuate, carry out or further the transactions contemplated by and the intents and purposes of the foregoing resolutions.

**EXHIBIT III**

**DIP GUARANTOR RESOLUTIONS**

**WHEREAS**, RentPath, LLC, a Delaware limited liability company (the "**DIP Borrower**") desires to enter into, deliver and perform its obligations under that certain Debtor-In-Possession Credit Agreement, dated on or around February 14, 2020 (as may be amended, restated, amended and restated, supplemented and/or otherwise modified from time to time, the "**DIP Credit Agreement**"), by and among the DIP Borrower, as borrower, RentPath Holdings, Inc., a Delaware corporation ("**Holdings**"), Consumer Source Holdings LLC, a Delaware limited liability company ("**Consumer**"), Discover Home Network, LLC, a Delaware limited liability company ("**Discover LLC**"), Easy Media, LLC ("**Easy Media**"), Electronic Lead Management, Inc., a Georgia corporation ("**Electronic Lead**"), Electronic Lead Management MA, Inc., a Massachusetts corporation ("**Electronic Lead MA**"), Electronic Lead Management VA, Inc., a Delaware corporation ("**Electronic Lead VA**"), Live Response Solutions Holdings, LLC, a Delaware limited liability company ("**Live Response Holdings**"), Live Response Solutions, LLC, a Delaware limited liability company ("**Live Response**"), Viva Group, LLC, a Delaware limited liability company ("**Viva**"), Viva Group Brokerage, Inc., a Delaware corporation ("**Viva Brokerage**" and together with Consumer, Discover LLC, Easy Media, Electronic Lead, Electronic Lead MA, Electronic Lead VA, Live Response Holdings, Live Response and Viva, the "**DIP Guarantors**," and together with the DIP Borrower, each individually, a "**Company**" and collectively, the "**Companies**"), as guarantors, the lenders from time to time party thereto (the "**DIP Lenders**"), and Royal Bank of Canada, as administrative agent for the DIP Lenders (the "**DIP Agent**"), pursuant to which $74,100,000 will be made available to the DIP Borrower on the terms and conditions set forth in the DIP Credit Agreement;

**WHEREAS**, severally pursuant to (i) the entry by the applicable bankruptcy court of the Interim Order (and subsequently confirmed by the Final Order), and (ii) that certain Pledge and Security and Guaranty Agreement, dated on or around February 14, 2020 (as may be amended, restated, amended and restated, supplemented and/or otherwise modified from time to time, the "**DIP Security Agreement**"), by and among, the Companies and the DIP Agent, (x) the DIP Borrower and the DIP Guarantors shall grant the DIP Agent for the benefit of the DIP Lenders a legal, valid, continuing and enforceable security interest in the Collateral (with the priority fully described therein and in the DIP Credit Agreement), (such grant the "**Security Grant**") and (y) the DIP Guarantors shall guarantee the obligations of the DIP Borrower (under the DIP Credit Agreement), (such guarantee the "**Guaranty of Obligations**").

**NOW**, **THEREFORE**, be it:

DIP Credit Agreement

**RESOLVED**, that each DIP Guarantor is hereby authorized to execute and deliver the DIP Credit Agreement, the DIP Security Agreement, and any Additional DIP Guarantor Documents (as defined below) in its capacity as guarantor, and to perform its obligations and transactions contemplated thereby thereunder and under the Interim Order and the Final Order, including, without limitation, the granting of security interests (including, without limitation, the Security Grant), the granting

of pledges, and the making of guarantees thereunder (including, without limitation, the Guaranty of Obligations), and to take such actions, as are necessary, appropriate or desirable in connection with the foregoing, and that any officer (including, without limitation, any chief executive officer, chief financial officer, treasurer, assistant treasurer, president, vice president secretary and assistant secretary) of such DIP Guarantor (each, an "**Authorized Person**") be, and each of them hereby is individually, authorized, empowered and directed, in the name and on behalf of such DIP Guarantor, to execute and deliver the DIP Credit Agreement, the DIP Security Agreement and any Additional DIP Guarantor Documents and to perform such DIP Guarantor's obligations thereunder and under the Interim Order and the Final Order, including, without limitation, the granting of security interests (including, without limitation, the Security Grant) and the making of guarantees thereunder (including, without limitation, the Guaranty of Obligations), and to take such other actions as are necessary, appropriate or desirable in connection with the foregoing, with the DIP Credit Agreement, the DIP Security Agreement and any Additional DIP Guarantor Documents having such modifications as such Authorized Person executing the same shall approve, his or her execution thereof being deemed conclusive evidence of such approval; and be it further

**RESOLVED**, that any Authorized Person of each DIP Guarantor be, and each of them hereby is individually, authorized, empowered and directed, in the name and on behalf of such DIP Guarantor, to negotiate, execute and deliver, and attest to such execution and delivery of, in the name of and on behalf of the DIP Guarantor, all such other agreements (including, without limitation, any security agreements, guaranty agreements, mortgages, and control agreements), certificates, instruments and other writings (the "**Additional DIP Guarantor Documents**"), and to take all such other actions, as such Authorized Person may deem necessary or appropriate in connection with the DIP Credit Agreement, the DIP Security Agreement, the Interim Order, the Final Order and any Additional DIP Guarantor Documents, including, without limitation, the negotiation, execution and delivery of, any amendments, supplements, waivers or other modifications with respect to the DIP Credit Agreement and the DIP Security Agreement, and any Additional DIP Guarantor Documents that such Authorized Person deems reasonable, appropriate and in the best interest of such DIP Guarantor; and be it further

**RESOLVED**, that each DIP Guarantor is authorized to execute, deliver and perform such other agreements, amendments, ratifications and confirmations as the DIP Agent may require in connection with the DIP Credit Agreement, the DIP Security Agreement, and any Additional DIP Guarantor Documents to which such DIP Guarantor is or is contemplated

to be a party and any other agreements, documents, certificates or filings that any Authorized Person of such DIP Guarantor determines are necessary, appropriate or desirable in connection with the DIP Credit Agreement, the DIP Security Agreement, the Interim Order, the Final Order and the Additional DIP Guarantor Documents to which such DIP Guarantor is or is contemplated to be a party; and be it further

**RESOLVED**, that any Authorized Person of each DIP Guarantor be, and each of them hereby is individually, authorized, empowered and directed, in the name and on behalf of such DIP Guarantor, to execute and deliver such additional assignments, stock powers, powers of attorney, notices, lien perfection documents, consents to assignment, subordination agreements, interest rate protection and other hedging agreements, letters of credit and master letter of credit agreements, cash management agreements, assignments, collateral assignments, fee letters and other customary loan documents, third party collateral access agreements, bailee letters, deposit account control agreements, securities account control agreements, insurance certificates, UCC financing statements, mortgages, deeds of trust, warehouse notifications, collateral assignments, and other customary secured loan documents and other agreements, certificates, instruments and other writings as the DIP Agent may request or as may be necessary or appropriate in the sole judgment of such Authorized Person to create, preserve and perfect the security interests and other liens required or contemplated pursuant to, or otherwise to give effect to any of the transactions contemplated by, any of the Additional DIP Guarantor Documents; and be it further

**RESOLVED**, that any Authorized Person of each DIP Guarantor be, and each of them hereby is individually, authorized, empowered and directed, in the name and on behalf of such DIP Guarantor, to execute and deliver all such other agreements, certificates, instruments and other writings, and to take all such other actions, as any such Authorized Person may deem necessary or appropriate in connection with the transactions contemplated by these resolutions (and the DIP Credit Agreement, the DIP Security Agreement, the Interim Order and the Final Order); and be it further

**RESOLVED**, that each DIP Guarantor hereby authorizes, adopts and approves, in all respects the form, terms and provisions of the DIP Credit Agreement, the DIP Security Agreement, the Interim Order, the Final Order and any other Additional DIP Guarantor Documents (including without limitation, the Guaranty of Obligations provided therein) and each DIP Guarantor's perfection thereunder; and be it further

<u>Ratification</u>          **RESOLVED**, that all actions, proceedings, elections, appointments, approvals, assignments, grants, transfers, agreements, acts, declarations,

instruments, documents, executions and transactions, whether done, taken, executed or acted upon, or purported to be done, taken, executed or acted upon prior to the date hereof, by or on behalf of any DIP Guarantor in connection with the DIP Credit Agreement, the DIP Security Agreement, or any Additional DIP Guarantor Documents, be, and the same hereby are, approved, adopted, ratified and confirmed in all respects; and be it further

General Authority    **RESOLVED**, that any Authorized Person of each DIP Guarantor be, and each of them hereby is individually, authorized, empowered and directed, in the name and on behalf of such DIP Guarantor, to take such additional actions, to perform all acts and deeds, and to execute, ratify, certify, deliver, file and record such additional agreements, certificates, instruments and other writings as any of them may deem necessary or appropriate to implement the provisions of the foregoing resolutions (including, without limitation, amendments, restatements, replacements or other modifications of any of the foregoing documents) or otherwise in connection with the DIP Credit Agreement, the DIP Security Agreement, or any Additional DIP Guarantor Documents, to appoint such agents on behalf of such DIP Guarantor as any such Authorized Person may deem necessary or appropriate in connection with the foregoing resolutions or to comply with the requirements of the agreements, certificates, instruments and other writings approved by the foregoing resolutions, the authority for the taking or performing of such actions, acts or deeds and the execution, ratification, certification, delivery, filing or recording of such agreements, certificates, instruments or other writings to be conclusively evidenced thereby; and be it further

**RESOLVED**, that, to the extent any DIP Guarantor serves as the board of directors, sole member, managing member or other governing body (collectively, a "**Controlling Company**"), in each case, of any other company (a "**Controlled Company**"), each Authorized Person, any one of whom may act without the joinder of any of the others, be, and each of them hereby is, severally authorized, empowered and directed in the name and on behalf of such Controlling Company (acting for such Controlled Company in the capacity set forth above, as applicable), to take all of the actions on behalf of such Controlled Company that an Authorized Person is herein duly authorized to take on behalf of such Controlling Company; and be it further

**RESOLVED**, that the authority conferred upon each Authorized Person by these resolutions is in addition to, and shall in no way limit, such other authority as such Authorized Person may have with respect to the subject matter of the foregoing resolutions, and that the omission from this resolution of any agreement or other arrangement contemplated by any of the agreements, instruments or documents described in the foregoing

4

resolutions or any action to be taken in accordance with any requirement of any of the agreements, instruments or documents described in the foregoing resolutions shall in no manner derogate from the authority of such Authorized Person to take all actions necessary, advisable or appropriate to consummate, effectuate, carry out or further the transactions contemplated by and the intents and purposes of the foregoing resolutions.

**Fill in this information to identify the case:**

Debtor name:  RentPath Holdings, Inc.

United States Bankruptcy Court for the District of Delaware
(State)

Case number (*If known*):  _____

☐ Check if this is an
amended filing

## Official Form 204

# Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders

12/15

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case.  Include claims which the debtor disputes.
Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31).  Also, do not include claims by secured creditors,
unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1   Google Inc c/o Custodian of Records 1600 Amphitheatre Parkway Mountain View, California 94043 USA | ATTN: Kent Walker TITLE: SVP General Counsel PHONE: (650) 253-0000 EMAIL: Legal@google.com | Trade | | | | $5,054,831 |
| 2   Facebook, Inc. 1601 Willow Road Menlo Park, California 94025 | ATTN: Jennifer Newstead TITLE: General Counsel PHONE: (650) 543-4800 EMAIL: Legal@facebook.com | Trade | | | | $1,589,827 |
| 3   Zumper, Inc 49 Geary Street Suite 350 San Francisco, California 94108 | ATTN: Anthemos Georgiades TITLE: Chief Executive Officer EMAIL: Anthemos@zumper.com | Trade | | | | $1,027,013 |
| 4   Microsoft Corporation Law & Legal Affairs One Microsoft Way Redmond, Washington 98052 USA | ATTN: Brad Smith TITLE: President & Chief Legal Officer PHONE: (503) 443-7070 EMAIL: V-Mabern@Microsoft.com | Trade | | | | $362,431 |
| 5   Gauss and Neumann SL Paseo de Gracia 11, Planta 8, 08007 Barcelona, Spain | ATTN: Alberto Cabezas-Castellanos TITLE: CHIEF EXECUTIVE OFFICER EMAIL: ACABEZAS@G-N.COM | Trade | | | | $305,357 |
| 6   Microsoft Online, Inc Law & Legal Affairs One Microsoft Way Redmond, Washington 98052 USA | ATTN: Brad Smith TITLE: President & Chief Legal Officer PHONE: (503) 443-7070 EMAIL: Adbill@microsoft.com | Trade | | | | $288,265 |
| 7   FMR Inc. 82 Devonshire Street Boston, Massachusetts 02109 | ATTN: Jonathan Chiel TITLE: EVP & General Counsel PHONE: (617) 563-7000 EMAIL: Globalcapcustomerservice@fmr.com | Trade | | | | $245,000 |
| 8   Dialogtech Inc 120 S Riverside Plaza Suite 1100 Chicago, Illinois 60606 | ATTN: Bob Burns TITLE: Chief Financial Officer PHONE: (877) 295-5100 EMAIL: AR@dialogtech.com | Trade | | | | $236,893 |

RentPath Holdings, Inc.

Name

Case number (if known)

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 9  Charter Global Inc 7000 Central Parkway Suite 1100 Atlanta, Georgia 30328 | ATTN: Ken Reaves TITLE: SVP Client Services PHONE: (888) 326-9933 EMAIL: Info@charterglobal.com | Trade | | | | $ 226,253 |
| 10  Trendline Interactive Holdings LLC 11612 Bee Caves Road Suite 220 Austin, Texas 78738 | ATTN: Morgan Stewart TITLE: Chief Executive Officer PHONE: (512) 717-4097 EMAIL: Artrendline@Interactive.com | Trade | | | | $221,338 |
| 11  A-Plus Meetings & Incentives Inc 901 Ponce De Leon Blvd Suite 600 Coral Gables, Florida 33134 | ATTN: John Harden TITLE: Controller PHONE: (786) 888-3217 EMAIL: Info@aplusmeetings.com | Trade | | | | $175,000 |
| 12  Incontact Inc 75 West Towne Ridge Parkway Tower One Sandy, Utah 84070 | ATTN: Paul Jarman TITLE: Chief Executive Officer PHONE: (801) 320-3200 EMAIL: Daniell.Lavaka@Niceincontact.com | Trade | | | | $173,938 |
| 13  Linkedin Corporation 1000 W. Maude Avenue Sunnyvale, California 94085 USA | ATTN: Blake Lawit TITLE: SVP & General Counsel PHONE: (650) 687-3600 EMAIL: AR-Receipts@Linkedin.com | Trade | | | | $153,070 |
| 14  American Express 200 Vesey Street Lower Manhattan New York, New York 10285 | ATTN: Kristen McCabe TITLE: Director, Legal Operations PHONE: (212) 640-2000 EMAIL: Legal@Americanexpress.com | Trade | | | | $150,000 |
| 15  Mulesoft LLC 415 Mission Street San Francisco, California 94105 | ATTN: Simon Parmett TITLE: Chief Executive Officer PHONE: (415) 229-2009 EMAIL: AR@mulesoft.com | Trade | | | | $149,865 |
| 16  Salesforce Inc 415 Mission Street San Francisco, California 94105 | ATTN: Mark Hawkins TITLE: President & Chief Financial Officer PHONE: (800) 667-6389 EMAIL: legal@salesforce.com | Trade | | | | $147,000 |
| 17  Smartshoot Inc 121 2nd Street Second Floor San Francisco, California 94105 | ATTN: John Mcweeny TITLE: Chief Operating Officer PHONE: (877) 559-9898 EMAIL: John.Pfeister@Smartshoot.com | Trade | | | | $110,330 |
| 18  Smart Source of Georgia LLC 7270 McGinnis Ferry Road Suwanee, Georgia 30024 | ATTN: Thomas D'Agostino Jr. TITLE: Chief Executive Officer PHONE: (770) 449-6300 EMAIL: AR@Smartsourcerentals.com | Trade | | | | $100,476 |
| 19  Ausy North America Inc 8401 Greensboro Dr Suite 500 Mclean, Virginia 22102 | ATTN: Jill Lawson TITLE: SVP PHONE: (804) 270-2990 EMAIL: Bhaines@Celerity.com | Trade | | | | $95,550 |

RentPath Holdings, Inc.
Name

Case number (if known)

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 20  Frontline Call Center LLC<br>9 Hope Lane<br>Eastsound, Washington 98245 | ATTN: Andrew Vandenberg<br>TITLE: Chief Financial Officer<br>PHONE: (888) 537-6685<br>EMAIL: Info@Frontlinecallcenter.com | Trade | | | | $90,536 |
| 21  Criteo Corp<br>32 rue Blanche<br>Paris, Ile-de-France<br>75009<br>France | ATTN: Ryan Damon<br>TITLE: EVP, General Counsel & Corporate Secretary<br>PHONE: (33) 1-40-40-22-90<br>EMAIL: Contact@Criteo.com | Trade | | | | $84,722 |
| 22  Chatmeter, Inc.<br>225 Broadway<br>Suite 1700<br>San Diego, CA 92101 | ATTN: Kurt Klitzner<br>TITLE: VP of Finance<br>PHONE: (619) 795-6262<br>EMAIL: Finance@chatmeter.com | Trade | | | | $81,815 |
| 23  Palo Alto Networks Inc<br>3000 Tannery Way<br>Santa Clara, California 95054 | ATTN: Jeff True<br>TITLE: EVP & General Counsel<br>PHONE: (408) 753-4000<br>EMAIL: Arremit@Paloaltonetworks.com | Trade | | | | $76,032 |
| 24  Sada Systems Inc.<br>5250 Lankershim Blvd.<br>Suite 620<br>Los Angeles, CA 91601 | ATTN: Patrick Monaghan<br>TITLE: Chief Legal Officer, General Counsel<br>PHONE: (818) 766-2400<br>EMAIL: legal@sada.com | Trade | | | | $54,628 |
| 25  Optimizely Inc.<br>631 Howard Street<br>Suite 100<br>San Francisco, CA 94105 | ATTN: Derrick Alesevich<br>TITLE: VP Legal<br>PHONE: (800) 252-9480<br>EMAIL: Accounting@optimizely.com | Trade | | | | $52,741 |
| 26  Hootsuite Media Inc<br>5 E 8th Ave<br>Vancouver, BC V5T 1R6<br>Canada | ATTN: Ric Leong<br>TITLE: SVP Finance<br>EMAIL: AR@hootsuite.com | Trade | | | | $52,500 |
| 27  Tangocode Inc<br>1143 West Rundell Pl<br>Suite 300<br>Chicago, Illinois 60607 | ATTN: Veronica Buitron<br>TITLE: Chief Executive Officer<br>PHONE: (312) 546-7203<br>EMAIL: VBuitron@tangocode.com | Trade | | | | $52,000 |
| 28  Insight Global Inc.<br>6820 S. Harl Ave.<br>Tempe, AZ 85283 | ATTN: Glynis Bryan<br>TITLE: Chief Financial Office<br>PHONE: (800) 467-4448<br>EMAIL: Remittance@Insightglobal.net | Trade | | | | $51,544 |
| 29  Amazon Web Services<br>410 Terry Avenue North<br>Seattle, WA 98109-5210<br>United States | ATTN: David Zapolsky<br>TITLE: SVP, General Counsel<br>PHONE: (206) 266-1000 | Trade | | | | $48,750 |
| 30  CSG PRO<br>9755 SW Barnes Rd #660<br>Portland, OR 97225 | ATTN: Ron Ellis Gaut<br>TITLE: President<br>PHONE: (503) 292-0859<br>EMAIL: Timc@CSGPro.com | Trade | | | | $44,980 |

<table>
<tr><td colspan="2"><strong>Fill in this information to identify the case:</strong></td></tr>
<tr><td colspan="2">Debtor name:  <u>RentPath Holdings, Inc.</u></td></tr>
<tr><td colspan="2">United States Bankruptcy Court for the <u>District of Delaware</u><br> (State) </td></tr>
<tr><td colspan="2">Case number (<em>If known</em>):  <u>          </u></td></tr>
</table>

# Official Form 202

## Declaration Under Penalty of Perjury for Non-Individual Debtors          12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.**

**WARNING – Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ Schedule A/B: Assets–Real and Personal Property (Official Form 206A/B)
- ☐ Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)
- ☐ Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)
- ☐ Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)
- ☐ Schedule H: Codebtors (Official Form 206H)
- ☐ Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)
- ☐ Amended Schedule ____
- ☑ Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders (Official Form 204)
- ☐ Other document that requires a declaration

I declare under penalty of perjury that the foregoing is true and correct.

Executed on <u>02/12/2020</u>
       MM / DD /YYYY

**X** <u>/s/ Richard Martin</u>
Signature of individual signing on behalf of debtor

<u>Richard Martin</u>
Printed name

<u>Chief Financial Officer</u>
Position or relationship to debtor

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

---------------------------------------------------------- x
In re                                      :    **Chapter 11**
                                           :
**RENTPATH HOLDINGS, INC.,** *et al.*,     :    **Case No. 20– _____ (   )**
                                           :
Debtors.[1]                                :    **(Joint Administration Requested)**
                                           :
---------------------------------------------------------- x

**CONSOLIDATED CORPORATE OWNERSHIP STATEMENT PURSUANT TO**
**FED. R. BANKR. P. 1007(a)(1) AND 7007.1**

Pursuant to Federal Rules of Bankruptcy Procedure 1007(a)(1) and 7007.1,
attached hereto as **Exhibit A** is an organizational chart reflecting all of the ownership interests in
RentPath Holdings, Inc. ("**RentPath**") and its debtor-affiliates in the above-captioned chapter 11
cases (collectively, the "**Debtors**").  The Debtors respectfully represent as follows in support of
this consolidated corporate ownership statement:

1.       Regal Holdco LP and Pittsburgh Holdings, L.P., each a non-Debtor, each
own 49.7% of the equity interests of RentPath Holdings, Inc.  To the best of Debtors' knowledge
and belief, no other person or entity directly owns 10% or more of the equity interests in
RentPath Holdings, Inc.

2.       RentPath Holdings, Inc. directly owns 100% of the membership interests
of RentPath, LLC.

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification
number, are: RentPath Holdings, Inc. (1735); RentPath, LLC (7573); Consumer Source Holdings LLC (8150);
Discover Home Network, LLC (4311); Easy Media, LLC (5455); Electronic Lead Management, Inc. (4986);
Electronic Lead Management MA, Inc. (3113); Electronic Lead Management VA, Inc. (7698); Live Response
Solutions Holdings, LLC (0462); Live Response Solutions, LLC (5120); Viva Group Brokerage, Inc. (7156);
and Viva Group, LLC (0789).  The Debtors' mailing address is 950 East Paces Ferry Road NE, Suite 2600,
Atlanta, Georgia 30326.

3.      RentPath, LLC directly owns 100% of the membership interests of:

     a.   Viva Group, LLC;

     b.   Live Response Solutions Holdings, LLC;

     c.   Discover Home Network, LLC;

     d.   Easy Media, LLC; and

     e.   Consumer Source Holdings LLC.

4.      Viva Group, LLC directly owns 100% of the equity interests of Viva Group Brokerage, Inc.

5.      Live Response Solutions Holdings, LLC directly owns 100% of the membership interests of Live Response Solutions, LLC.

6.      Consumer Source Holdings LLC directly owns 100% of the equity interests of Electronic Lead Management, Inc.

7.      Electronic Lead Management, Inc. directly owns 100% of the equity interests of:

     a.   Electronic Lead Management MA, Inc.; and

     b.   Electronic Lead Management VA, Inc.

**Fill in this information to identify the case:**

Debtor name: RentPath Holdings, Inc.

United States Bankruptcy Court for the District of Delaware
(State)

Case number (*If known*):

# Official Form 202

## Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.**

**WARNING – Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ Schedule A/B: Assets–Real and Personal Property (Official Form 206A/B)
- ☐ Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)
- ☐ Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)
- ☐ Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)
- ☐ Schedule H: Codebtors (Official Form 206H)
- ☐ Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)
- ☐ Amended Schedule _____
- ☐ Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders (Official Form 204)
- ☑ Other document that requires a declaration Consolidated Corporate Ownership Statement

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 02/12/2020
MM / DD /YYYY

X /s/ Richard Martin
Signature of individual signing on behalf of debtor

Richard Martin
Printed name

Chief Financial Officer
Position or relationship to debtor

## Exhibit A

**Organizational Chart**





## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------ x

In re                                     :         **Chapter 11**

                                          :

**RENTPATH HOLDINGS, INC.,**        :         **Case No. 20– _____ (  )**

                                          :

                  **Debtor.**               :

------------------------------------------------------------ x

## LIST OF EQUITY SECURITY HOLDERS
## PURSUANT TO FED. R. BANKR. P. 1007(a)(3)[1]

Pursuant to Rule 1007(a)(3) of the Federal Rules of Bankruptcy Procedure, the following identifies all holders of equity securities in the above-captioned debtor in possession:

| Name and Last Known Address or Place of Business of Holder | Kind/Class of Interest | Number of Interests Held |
|---|---|---|
| Pittsburgh Holdings, L.P.<br>301 Commerce Street, Suite 3300<br>Fort Worth, TX 76102 | Common Stock | 49.696% |
| Regal Holdco LP<br>50 Kennedy Plaza, 18th Floor<br>Providence, RI 02903 | Common Stock | 49.696% |
| Charles Stubbs<br>950 East Paces Ferry Road NE, Suite 2600<br>Atlanta, Georgia 30326 | Common Stock | 0.148% |
| Dhiren Fonseca<br>950 East Paces Ferry Road NE, Suite 2600<br>Atlanta, Georgia 30326 | Common Stock | 0.096% |

---

[1]    This list serves as the required disclosure by the Debtor pursuant to Rule 1007 of the Federal Rules of Bankruptcy Procedure.  All equity positions listed are as of the date of commencement of the chapter 11 cases.

| | | |
|---|---|---|
| Asiff Hirji[2]<br>950 East Paces Ferry Road NE, Suite 2600<br>Atlanta, Georgia 30326 | Common Stock | 0.096% |
| Robert S. Sternot<br>950 East Paces Ferry Road NE, Suite 2600<br>Atlanta, Georgia 30326 | Common Stock | 0.065% |
| Kathleen G. Bergeron<br>950 East Paces Ferry Road NE, Suite 2600<br>Atlanta, Georgia 30326 | Common Stock | 0.052% |
| Hilary Schneider<br>950 East Paces Ferry Road NE, Suite 2600<br>Atlanta, Georgia 30326 | Common Stock | 0.039% |
| Marc Lefar<br>950 East Paces Ferry Road NE, Suite 2600<br>Atlanta, Georgia 30326 | Common Stock | 0.023% |
| Kim R. Payne<br>950 East Paces Ferry Road NE, Suite 2600<br>Atlanta, Georgia 30326 | Common Stock | 0.022% |
| Arlene Mayfield<br>950 East Paces Ferry Road NE, Suite 2600<br>Atlanta, Georgia 30326 | Common Stock | 0.018% |
| Marlon Starr<br>950 East Paces Ferry Road NE, Suite 2600<br>Atlanta, Georgia 30326 | Common Stock | 0.009% |
| Amanda McConnell<br>950 East Paces Ferry Road NE, Suite 2600<br>Atlanta, Georgia 30326 | Common Stock | 0.008% |

---

[2]    Mr. Hirji's shares are held by two trusts—The Hirji Spousal Trust and the Wigglesworth Children's Trust, each holding approximately 0.048%.

| | | |
|---|---|---|
| Keith L. Belknap, Jr.<br>950 East Paces Ferry Road NE, Suite 2600<br>Atlanta, Georgia 30326 | Common Stock | 0.006% |
| Michael O. Child<br>950 East Paces Ferry Road NE, Suite 2600<br>Atlanta, Georgia 30326 | Common Stock | 0.004% |
| Jaime Siplia<br>950 East Paces Ferry Road NE, Suite 2600<br>Atlanta, Georgia 30326 | Common Stock | 0.004% |
| Ty Allen<br>950 East Paces Ferry Road NE, Suite 2600<br>Atlanta, Georgia 30326 | Common Stock | 0.004% |
| Michael Herman<br>950 East Paces Ferry Road NE, Suite 2600<br>Atlanta, Georgia 30326 | Common Stock | 0.004% |
| Jonathan S. Asher<br>950 East Paces Ferry Road NE, Suite 2600<br>Atlanta, Georgia 30326 | Common Stock | 0.003% |
| James M. Barber<br>950 East Paces Ferry Road NE, Suite 2600<br>Atlanta, Georgia 30326 | Common Stock | 0.003% |
| Michael R. Shaw<br>950 East Paces Ferry Road NE, Suite 2600<br>Atlanta, Georgia 30326 | Common Stock | 0.003% |
| Kenneth R. Greer<br>950 East Paces Ferry Road NE, Suite 2600<br>Atlanta, Georgia 30326 | Common Stock | 0.003% |

<table>
<tr><td><strong>Fill in this information to identify the case:</strong></td></tr>
</table>

Debtor name: <u>RentPath Holdings, Inc.</u>

United States Bankruptcy Court for the <u>District of Delaware</u>
(State)

Case number (<em>If known</em>): _____

# Official Form 202

## Declaration Under Penalty of Perjury for Non-Individual Debtors            12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.**

**WARNING – Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ Schedule A/B: Assets–Real and Personal Property (Official Form 206A/B)
- ☐ Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)
- ☐ Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)
- ☐ Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)
- ☐ Schedule H: Codebtors (Official Form 206H)
- ☐ Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)
- ☐ Amended Schedule _____
- ☐ Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders (Official Form 204)
- ☑ Other document that requires a declaration <u>List of Equity Security Holders</u>

I declare under penalty of perjury that the foregoing is true and correct.

Executed on <u>02/12/2020</u>
MM / DD /YYYY

**X** <u>/s/ Richard Martin</u>
Signature of individual signing on behalf of debtor

<u>Richard Martin</u>
Printed name

<u>Chief Financial Officer</u>
Position or relationship to debtor